Case Number: PC-2024-02713
Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2024 2:15 PM
Envelope: 4623347
Reviewer: Alexandra R.

STATE OF RHODE ISLAND                                  SUPERIOR COURT
PROVIDENCE, SC

| | | |
|---|---|---|
| AMICA MUTUAL INSURANCE COMPANY, | ) | |
| as subrogee of Harold T. Hottenstein, Jr. and | ) | |
| Maryann Hottenstein, | ) | |
| Plaintiff, | ) | C.A. No.: |
| | ) | |
| v. | ) | |
| | ) | |
| JETSON ELECTRIC BIKES, LLC, and | ) | |
| AMAZON.COM SERVICES LLC, | ) | |
| Defendants. | ) | |

## COMPLAINT AND JURY DEMAND

### PARTIES

1.      Plaintiff, Amica Mutual Insurance Company ("Amica"), as subrogee of Harold T. Hottenstein, Jr. and Maryann Hottenstein (the "Plaintiff"), is an insurance company organized under the laws of Rhode Island with a principal place of business at 100 Amica Way, Lincoln, RI 02865.

2.      Defendant, Jetson Electric Bikes LLC, is a limited liability company organized under the laws of the State of New York with a principal place of business at 86 34th Street, 4th Floor, Brooklyn, NY 11232.

3.      Defendant, Amazon.com Services LLC, is a corporation doing business in the state of California, with a principal place of business at 410 Terry Avenue, North Seattle, WA 98109, and a registered agent of Corporation Service Company, 222 Jefferson Boulevard, Suite 200, Warwick, RI 02888.

3275448.v1

ıse Number: PC-2024-02715
ed in Providence/Bristol County Superior Court
ıbmitted: 5/13/2024 2:15 PM
ıvelope: 4623347
ıviewer: Alexandra R.

## FACTUAL ALLEGATIONS

4.    At all relevant times, Harold T. Hottenstein, Jr. and Maryann Hottenstein owned a property and improvements on the property, including a single-family dwelling (the "Dwelling"), located at 29 Remington Farm Drive, Coventry, RI 02186 (the "Property").

5.    At all relevant times, Amica Mutual Insurance Company insured the Dwelling and personal property located inside of the Dwelling under an insurance policy (the "Policy"). The Policy also provided coverage for additional living expenses because of a covered loss.

6.    At all relevant times and all times hereinafter mentioned, the Defendant, Jetson Electric Bikes LLC, was in the business of designing, manufacturing, and/or distributing electric hoverboards to consumers located throughout the United States, including consumers located in Rhode Island.

7.    At all relevant times and all times hereinafter mentioned, the Defendant, Jetson Electric Bikes LLC, solicited business, engaged in persistent conduct, and derived revenue from goods sold and used in Rhode Island.

8.    At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, was in the business of marketing, selling, distributing, shipping, and delivering consumer products, including electric bicycles, to consumers in Rhode Island.

9.    At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, operated, maintained, and controlled a website at Amazon.com, which was an online marketplace where the Defendant, Amazon.com Services LLC, and third-party sellers listed products for sale.

10.    At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, controlled the website at Amazon.com and listings on the website.

2

3275448.v1

Case Number: PC-2024-02745
Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2024 2:15 PM
Envelope: 4623347
Reviewer: Alexandra R.

11. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, had the right to refuse to process or cancel any transactions made on its website at Amazon.com.

12. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, accepted payments for products ordered from Amazon.com Services LLC and third-party sellers on its website at Amazon.com.

13. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, managed and controlled exchanges and refunds for products ordered from Amazon.com Services LLC and third-party sellers on its website at Amazon.com.

14. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC's refund policy controlled the amount of refunds due to purchasers of products ordered from Amazon.com Services LLC and third-party sellers on Amazon.com Services LLC's website at Amazon.com.

15. At all times and all times hereinafter mentioned, if a consumer wanted to return a product purchased on the Defendant, Amazon.com Services LLC's website at Amazon.com, the customer returned the product through the Defendant, Amazon.com Services LLC.

16. On or about December 14, 2015, Maryann Hottenstein visited the Defendant, Amazon.com Services LLC's website at Amazon.com and ordered and purchased a Jetson Glyro flashing LED electric scooter and component parts, including a battery charger and lithium-ion rechargeable batteries (the "Product"), from the Defendant, Amazon.com Services LLC.

17. The Defendant, Jetson Electric Bikes LLC, designed, manufactured and/or distributed the Product.

3

3275448.v1

ise Number: PC-2024-02715
ed in Providence/Bristol County Superior Court
ibmitted: 5/13/2024 2:15 PM
ivelope: 4623347
eviewer: Alexandra R.

18.     At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, marketed and advertised the Product on the Defendant, Amazon.com Services LLC's website at Amazon.com.

19.     The Defendant, Amazon.com Services LLC, processed the order of the Product by Maryann Hottenstein and collected payment for the order of the Product.

20.     The Defendant, Amazon.com Services LLC, collected a fee, which was a percentage of the sale price, for the sale of the Product.

21.     The Defendant, Amazon.com Services LLC, was responsible for the marketing, sale, and distribution of the Product to the Plaintiff, Maryann Hottenstein.

22.     The Defendant, Amazon.com Services LLC, attracted the purchaser of the Product to the Defendant, Amazon.com Services LLC's website at Amazon.com.

23.     At all relevant times and all times hereinafter mentioned, the Defendants, Jetson Electric Bikes LLC, and Amazon.com Services LLC (collectively the "Defendants"), represented and warranted that the Product was safe, fit for its intended uses and free of any defects.

24.     The users of the Product used the Product for its intended purpose.

25.     Maryann Hottenstein and the users of the Product maintained the Product in a safe and proper manner, without any alteration or modification, and in accordance with the Product's instructions.

26.     On or about November 25, 2019, the Product malfunctioned, caught fire and caused a fire inside of the Dwelling and caused damage to the Dwelling (the "Loss").

27.     The Product malfunctioned because of defects in its design and manufacture.

28.     Defects in the design and manufacture of the Product made the Product unsafe for its intended use.

4

3275448.v1

Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2024 2:15 PM
Envelope: 4623347
Reviewer: Alexandra R.

29. Defects in the design and manufacture of the Product established a strong likelihood of damage to property of users and others.

30. The Defendants' negligence and breach of the implied warranty of merchantability were a direct and proximate cause of the malfunction of the Product and the Loss, which caused damage to the Dwelling and personal property contained in the Dwelling and additional living expenses incurred by Harold T. Hottenstein, Jr., and Maryann Hottenstein.

31. As a result of the Loss and the Defendants' negligence and breach of implied warranty of merchantability, and pursuant to the Policy, Amica Mutual Insurance Company made payments in satisfaction of its obligation to and/or on behalf of its insureds, Harold T. Hottenstein, Jr., and Maryann Hottenstein.

32. Pursuant to the terms and conditions of the Policy and applicable Rhode Island law, Amica Mutual Insurance Company now stands subrogated to Harold T. Hottenstein, Jr. and Maryann Hottenstein's rights and causes of action to the extent of payments made to Harold T. Hottenstein, Jr., and Maryann Hottenstein and/or on their behalf and asserts its subrogation rights through this Complaint.

<u>COUNT I</u>
**(Negligence v. Jetson Electric Bikes LLC)**

33. The Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above, as if expressly re-written and set forth herein.

34. The Loss and resulting damages to the Plaintiff and Harold T. Hottenstein, Jr. and Maryann Hottenstein were proximately caused by the negligence and breaches of duties owed by the Defendant, Jetson Electric Bikes LLC, including, but not limited to, the following:

5

3275448.v1

se Number: PC-2024-02715
ed in Providence/Bristol County Superior Court
bmitted: 5/13/2024 2:15 PM
velope: 4623347
viewer: Alexandra R.

a. Failing to properly design the Product and its component parts, including, but not limited to the charger and lithium-ion rechargeable batteries associated with the Product;

b. Failing to properly manufacture the Product and its component parts, including, but not limited to the rechargeable batteries associated with the Product;

c. Failing to properly test the Product and its component parts, including, but not limited to the rechargeable batteries associated with the Product, to assess, determine, eliminate, and/or reduce the risk or likelihood of malfunction and fire;

d. Placing in the channels of trade a product that the Defendant, Jetson Electric Bikes LLC, knew or, with reasonable care should have known, was unreasonably dangerous and unsafe;

e. Designing, manufacturing and distributing a product that posed a risk of fire during normal use;

f. Marketing an inherently unsafe and/or dangerous product;

g. Misrepresenting that the Product was safe when the Defendant, Jetson Electric Bikes LLC, knew or should have known that the Product was dangerous and unsafe;

h. Failing to comply with applicable federal, state, and/or local regulations, statutes, and/or ordinances, regarding the design and manufacture of the Product;

i. Failing to make appropriate recommendations concerning the use and maintenance of the Product;

6

3275448.v1

Case Number: PC-2024-02715
Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2024 2:15 PM
Envelope: 4623347
Reviewer: Alexandra R.

j.  Failing to warn users that the Product was susceptible to malfunction and fire;

k.  Failing to warn users that the Product could cause or contribute to property damage as a result of malfunction and fire;

l.  Failing to warn users of the existence of a dangerous condition associated with the Product;

m.  Failing to withdraw or recall the Product from the marketplace; and

n.  Otherwise failing to exercise reasonable care under the circumstances which then and there existed.

35.  Pursuant to the terms and conditions of the Policy and applicable Rhode Island law, Amica Mutual Insurance Company now stands subrogated to Harold T. Hottenstein, Jr., and Maryann Hottenstein's cause of action of negligence against the Defendant, Jetson Electric Bikes LLC, to the extent of payments made to Harold T. Hottenstein, Jr., and Maryann Hottenstein and/or on their behalf as a result of the Loss and the Defendant, Jetson Electric Bikes LLC's negligence.

WHEREFORE, the Plaintiff respectfully demands that judgment enter on its behalf and against the Defendant, Jetson Electric Bikes LLC, in the maximum amount allowed by law, plus interest, costs and attorney's fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiff demands judgment against the Defendant, Jetson Electric Bikes LLC, in an amount that will adequately compensate the Plaintiffs for its injuries, damages and/or losses, together with interest and costs.

## COUNT II
### (Breach of Implied Warranty of Merchantability v. Jetson Electric Bikes LLC)

36.  The Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 35 above, as if expressly re-written and set forth herein.

7

3275448.v1

se Number: PC-2024-02715
d in Providence/Bristol County Superior Court
omitted: 5/13/2024 2:15 PM
velope: 4623347
viewer: Alexandra R.

37.    The Defendant, Jetson Electric Bikes LLC, designed, manufactured, and distributed the Product.

38.    The Defendant, Jetson Electric Bikes LLC, as the distributor and manufacturer of the Product, impliedly warranted that the Product was of merchantable quality, safe, reasonably fit for its intended uses, and free of any defects.

39.    The Defendant, Jetson Electric Bikes LLC, was a merchant with respect to goods of the kind involved in the Loss.

40.    The Defendant, Jetson Electric Bikes LLC, knew or had reason to know that the Plaintiff, Maryann Hottenstein, and those utilizing the Product relied on the implied warranty of merchantability made by the Defendant, Jetson Electric Bikes LLC.

41.    The users of the Product used it for its intended purpose and maintained the Product in a safe and proper manner without any alteration or modification, and in accordance with the Product's instructions.

42.    The Defendant, Jetson Electric Bikes LLC, breached the implied warranty of merchantability because the Product was not of merchantable quality, unsafe, not reasonably fit for its intended purposes and not free of any defects.

43.    The Loss and resulting damage to the Plaintiff and Harold T. Hottenstein, Jr. and Maryann Hottenstein occurred as a direct and proximate result of the breach of said implied warranty of merchantability by the Defendant, Jetson Electric Bikes LLC.

44.    Due notice has been given to the Defendant, Jetson Electric Bikes LLC, of its breach of said implied warranty of merchantability.

45.    Pursuant to the terms and conditions of the Policy and applicable Rhode Island law, Amica Mutual Insurance Company now stands subrogated to Harold T. Hottenstein, Jr. and

8

Case Number: PC-2024-02715
Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2024 2:15 PM
Envelope: 4623347
Reviewer: Alexandra R.

Maryann Hottenstein's cause of action of breach of the implied warranty of merchantability against the Defendant, Jetson Electric Bikes LLC, to the extent of payments made to Harold T. Hottenstein, Jr. and Maryann Hottenstein and/or on their behalf as a result of the Loss and the Defendant, Jetson Electric Bikes LLC's breach of implied warranty of merchantability.

WHEREFORE, the Plaintiff respectfully demands that judgment enter on its behalf and against the Defendant, Jetson Electric Bikes LLC, in the maximum amount allowed by law, plus interest, costs and attorney's fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiff demands judgment against the Defendant, Jetson Electric Bikes LLC, in an amount that will adequately compensate the Plaintiff for its injuries, damages and/or losses, together with interest and costs.

## COUNT III
### (Strict Liability v. Jetson Electric Bikes LLC)

46.     The Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 45 above, as if expressly re-written and set forth herein.

47.     The Defendant, Jetson Electric Bikes LLC, designed, manufactured, packaged, labeled, sold, supplied, and distributed the Product with inadequate warnings and in a defective and unreasonably dangerous condition under Section 402A of the Restatement (Second) of Torts, in each of the following ways:

a. Failing to properly design the Product and its component parts, including, but not limited to the rechargeable batteries associated with the Product;

b. Failing to properly manufacture the Product and its component parts, including, but not limited to the rechargeable batteries associated with the Product;

c. Failing to properly test the Product and its component parts, including, but not limited to the rechargeable batteries associated with the Product, to assess,

9

3275448.v1

se Number: PC-2024-02715
ed in Providence/Bristol County Superior Court
bmitted: 5/13/2024 2:15 PM
velope: 4623347
viewer: Alexandra R.

determine, eliminate, and/or reduce the risk or likelihood of malfunction and fire;

d.  Placing in the channels of trade a product that the Defendant, Jetson Electric Bikes LLC, knew or, with reasonable care should have known, was unreasonably dangerous and unsafe;

e.  Designing, manufacturing and distributing a product that posed a risk of fire during normal use;

f.  Marketing an inherently unsafe and/or dangerous product;

g.  Misrepresenting that the Product was safe when the Defendant, Jetson Electric Bikes LLC, knew or should have known that the Product was dangerous and unsafe;

h.  Failing to comply with applicable federal, state, and/or local regulations, statutes, and/or ordinances, regarding the design and manufacture of the Product;

i.  Failing to make appropriate recommendations concerning the use and maintenance of the Product;

j.  Failing to warn users that the Product was susceptible to malfunction and fire;

k.  Failing to warn users that the Product could cause or contribute to property damage as a result of malfunction and fire;

l.  Failing to warn users of the existence of a dangerous condition associated with the Product;

m.  Failing to withdraw or recall the Product from the marketplace.

10

3275448.v1

Case Number: PC-2024-02715
Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2024 2:15 PM
Envelope: 4623347
Reviewer: Alexandra R.

48.     The Defendant, Jetson Electric Bikes LLC, by its failure to adequately warn customers, including Maryann Hottenstein, and by virtue of the unreasonably dangerous conditions of the Product caused by its design and manufacture, is strictly liable for the Fire, Loss and resulting damages to the Plaintiffs.

49.     Pursuant to the terms and conditions of the Policy and applicable Rhode Island law, Amica Mutual Insurance Company now stands subrogated to Harold T. Hottenstein, Jr., and Maryann Hottenstein's cause of action of strict liability against the Defendant, Jetson Electric Bikes LLC, to the extent of payments made to Harold T. Hottenstein, Jr. and Maryann Hottenstein and/or on their behalf as a result of the Loss and the Defendant, Jetson Electric Bikes LLC's strict liability.

WHEREFORE, the Plaintiff respectfully demands that judgment enter on its behalf and against the Defendant, Jetson Electric Bikes LLC, in the maximum amount allowed by law, plus interest, costs and attorney's fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiff demands judgment against the Defendant, Jetson Electric Bikes LLC, in an amount that will adequately compensate the Plaintiff for its injuries, damages and/or losses, together with interest and costs.

## COUNT IV
### (Negligence v. Amazon.com Services LLC)

50.     The Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 49 above, as if expressly re-written and set forth herein.

51.     The Loss and resulting damage to the Plaintiff and Harold T. Hottenstein, Jr. and Maryann Hottenstein and were proximately caused by the negligence and breaches of duties owed by the Defendant, Amazon.com Services LLC, including, but not limited to, the following:

11

se Number: PC-2024-02715
:d in Providence/Bristol County Superior Court
ɔmitted: 5/13/2024 2:15 PM
/elope: 4623347
viewer: Alexandra R.

a. Placing in the channels of trade a product that the Defendant, Amazon.com Services LLC, knew or, with reasonable care should have known, was unreasonably dangerous and unsafe;

b. Distributing a product that posed a risk of fire during normal use;

c. Marketing an inherently unsafe and/or dangerous product;

d. Misrepresenting that the Product was safe when the Defendant, Amazon.com Services LLC, knew or should have known that the product was dangerous and unsafe;

e. Failing to make appropriate recommendations concerning the use and maintenance of the Product;

f. Failing to warn users that the Product was susceptible to malfunction and fire;

g. Failing to warn users that the Product could cause or contribute to property damage as a result of malfunction and fire;

h. Failing to warn users of the existence of a dangerous condition associated with the Product; and

i. Otherwise failing to exercise reasonable care under the circumstances which then and there existed.

52.    Pursuant to the terms and conditions of the Policy and applicable Rhode Island law, Amica Mutual Insurance Company now stands subrogated to Harold T. Hottenstein, Jr., and Maryann Hottenstein's cause of action of negligence against the Defendant, Amazon.com Services LLC, to the extent of payments made to Harold T. Hottenstein, Jr., and Maryann Hottenstein and/or on their behalf as a result of the Loss and the Defendant, Amazon.com Services LLC's negligence.

12

3275448.v1

Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2024 2:15 PM
Envelope: 4623347
Reviewer: Alexandra R.

WHEREFORE, the Plaintiff respectfully demands that judgment enter on its behalf and against the Defendant, Amazon.com Services LLC, in the maximum amount allowed by law, plus interest, costs and attorney's fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiff demands judgment against the Defendant, Amazon.com Services LLC, in an amount that will adequately compensate the Plaintiff for its injuries, damages and/or losses, together with interest and costs.

## COUNT IV
### (Breach of Implied Warranty of Merchantability v. Amazon.com Services LLC)

53. The Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 52 above, as if expressly re-written and set forth herein.

54. The Defendant, Amazon.com Services LLC, sold, and distributed the Product.

55. The Defendant, Amazon.com Services LLC, as the distributor of the Product, impliedly warranted that the Product was of merchantable quality, safe, reasonably fit for its intended uses, and free of any defects.

56. The Defendant, Amazon.com Services LLC, was a merchant with respect to goods of the kind involved in the Loss.

57. The Defendant, Amazon.com Services LLC, knew or had reason to know that Maryann Hottenstein and those utilizing the Product relied on the implied warranty of merchantability made by the Defendant, Amazon.com Services LLC.

58. The Plaintiff, Maryann Hottenstein, and those utilizing the Product used the Product for its intended purpose and maintained the Product in a safe and proper manner without any alteration or modification, and in accordance with the Product's instructions.

13

3275448.v1

se Number: PC-2024-02715
:d in Providence/Bristol County Superior Court
omitted: 5/13/2024 2:15 PM
velope: 4623347
viewer: Alexandra R.

59.    The Defendant, Amazon.com Services LLC, breached the implied warranty of merchantability because the Product was not of merchantable quality, unsafe, not reasonably fit for its intended purposes and not free of any defects.

60.    The Loss and resulting damage to the Plaintiff and Harold T. Hottenstein, Jr. and Maryann Hottenstein occurred as a direct and proximate result of the breach of said implied warranty of merchantability by the Defendant, Amazon.com Services LLC.

61.    Due notice has been given to the Defendant, Amazon.com Services LLC, of its breach of said implied warranty of merchantability.

62.    Pursuant to the terms and conditions of the Policy and applicable Rhode Island law, Amica Mutual Insurance Company now stands subrogated to Harold T. Hottenstein, Jr. and Maryann Hottenstein's cause of action of breach of the implied warranty of merchantability against the Defendant, Amazon.com Services LLC, to the extent of payments made to Harold T. Hottenstein, Jr. and Maryann Hottenstein and/or on their behalf as a result of the Loss and the Defendant, Amazon.com Services LLC's breach of the implied warranty of merchantability.

WHEREFORE, the Plaintiff respectfully demands that judgment enter on its behalf and against the Defendant, Amazon.com Services LLC, in the maximum amount allowed by law, plus interest, costs and attorney's fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiff demands judgment against the Defendant, Amazon.com Services LLC, in an amount that will adequately compensate the Plaintiff for its injuries, damages and/or losses, together with interest and costs.

## COUNT VI
### (Strict Liability v. Amazon.com Services LLC)

63.    The Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 62 above, as if expressly re-written and set forth herein.

14

3275448.v1

Case Number: PC-2024-02715
Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2024 2:15 PM
Envelope: 4623347
Reviewer: Alexandra R.

64.    The Defendant, Amazon.com Services LLC, packaged, labeled, sold, supplied, and distributed the Product with inadequate warnings and in a defective and unreasonably dangerous condition under Section 402A of the Restatement (Second) of Torts, in each of the following ways:

a.    Failing to properly test the Product and its component parts, including, but not limited to the rechargeable batteries associated with the Product, to assess, determine, eliminate, and/or reduce the risk or likelihood of malfunction and fire;

b.    Placing in the channels of trade a product that the Defendant, Amazon.com Services LLC, knew or, with reasonable care should have known, was unreasonably dangerous and unsafe;

c.    Distributing a product that posed a risk of fire during normal use;

d.    Marketing an inherently unsafe and/or dangerous product;

e.    Misrepresenting that the Product was safe when the Defendant, Amazon.com Services LLC, knew or should have known that the Product was dangerous and unsafe;

f.    Failing to comply with applicable federal, state, and/or local regulations, statutes, and/or ordinances, regarding the design and manufacture of the Product;

g.    Failing to make appropriate recommendations concerning the use and maintenance of the Product;

h.    Failing to warn users that the Product was susceptible to malfunction and fire;

i.    Failing to warn users that the Product could cause or contribute to property damage as a result of malfunction and fire;

15

3275448.v1

se Number: PC-2024-02715
d in Providence/Bristol County Superior Court
omitted: 5/13/2024 2:15 PM
velope: 4623347
viewer: Alexandra R.

    j.   Failing to warn users of the existence of a dangerous condition associated with the Product;

    k.   Failing to withdraw or recall the Product from the marketplace.

65. The Defendant, Amazon.com Services LLC, by its failure to adequately warn customers, including Maryann Hottenstein, and by virtue of the unreasonably dangerous conditions of the Product caused by its design and manufacture, is strictly liable for the Fire, Loss and resulting damages to the Plaintiff.

66. Pursuant to the terms and conditions of the Policy and applicable Rhode Island law, Amica Mutual Insurance Company now stands subrogated to Harold T. Hottenstein, Jr. and Maryann Hottenstein's cause of action of strict liability against the Defendant, Amazon.com Services LLC, to the extent of payments made to Harold T. Hottenstein, Jr. and Maryann Hottenstein and/or on their behalf as a result of the Loss and the Defendant, Amazon.com Services LLC's strict liability.

WHEREFORE, the Plaintiff respectfully demands that judgment enter on its behalf and against the Defendant, Amazon.com Services LLC, in the maximum amount allowed by law, plus interest, costs and attorney's fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiff demands judgment against the Defendant, Amazon.com Services LLC, in an amount that will adequately compensate the Plaintiff for its injuries, damages and/or losses, together with interest and costs.

## DEMANDS FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court:

3275448.v1

Case Number: PC-2024-02715
Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2024 2:15 PM
Envelope: 4623347
Reviewer: Alexandra R.

1.    Enter a judgement against the Defendants declaring that the Defendants are legally and financially responsible for the damages that the Plaintiff and Harold T. Hottenstein, Jr. and Maryann Hottenstein sustained or incurred;

2.    Award the Plaintiff compensatory damages against the Defendants in an amount equal to the damages they have incurred or suffered;

3.    Award the Plaintiff costs of suit, including attorneys' and expert witness fees;

4.    Award the Plaintiff interest, including, but not limited to, pre-judgement interest; and

5.    Fashion such other relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
Plaintiff,
Amica Mutual Insurance Company, as subrogee of
Harold T. Hottenstein, Jr. and Maryann Hottenstein,

/s/ John A. Donovan III

John A. Donovan III, Esq. (5707)
SLOANE AND WALSH, LLP
652 George Washington Highway, Suite 302
Lincoln, RI 02865
Phone: 401-495-6796
jdonovan@sloanewlash.com

Dated: May 13, 2024

17

3275448.v1